IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID T. MORROW, #21500-076, )<br>)<br>Petitioner/Defendant, )<br>)<br>vs. )<br>)<br>UNITED STATES of AMERICA, )<br>)<br>Respondent/Plaintiff. ) | CIVIL NO. 11-cv-675-JPG<br><br>CRIMINAL NO. 07-cr-40006-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). Petitioner was convicted by a jury of conspiracy to distribute over 50 grams of crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1), and maintaining a residence for the purpose of distributing crack cocaine in violation of 21 U.S.C. § 856(a)(1). Judgment was entered on March 3, 2008, imposing a total sentence of 504 months imprisonment, ten years supervised release, a $500 fine, and a $200 special assessment (Doc. 233 in criminal case).

Petitioner filed a direct appeal, challenging only his sentence. The Seventh Circuit remanded the case for resentencing, instructing this Court to re-evaluate the sentencing factors in 18 U.S.C. § 3553(a), including an analysis of Petitioner's health problems (loss of his leg and other complications from diabetes) as they relate to these factors. *United States v. Harris*, 567 F.3d 846, 854-55 (7th Cir. 2009) (Petitioner's appeal was consolidated with those of his two co-

defendants).

Petitioner was resentenced on March 11, 2010, and the Court again arrived at a sentence of 504 months (Doc. 400 in criminal case). Petitioner appealed, and this time the Seventh Circuit affirmed the sentence, on April 18, 2011. *United States v. Morrow*, 418 F. App'x 537 (2011). The appellate court found no merit in any of Petitioner's challenges to his resentencing, and stated it was satisfied with this Court's analysis of the sentencing factors in § 3553(a) in that proceeding. *Id.* at 539. The court also noted that:

> [T]he vast majority of Morrow's submission relates only to matters surrounding his convictions. But these issues could have been raised in his first appeal, so they fall outside the scope of our review. *See United States v. Swanson*, 483 F.3d 509, 514-15 (7th Cir. 2007); *United States v. Husband*, 312 F.3d 247, 250 (7th Cir. 2002).

*Id.* Petitioner represented himself in that appeal, after the Seventh Circuit granted his motion to discharge his appointed attorney and proceed pro se (Doc. 24 in Appellate Case No. 10-1602). In his appellate brief, Petitioner's statement of issue for review was:

> Whether the government violated the defendant's Fifth and Sixth Amendment rights when it failed to list all the specific elements of count 1 and count 10 and to protect defendant from double jeopardy and whether the government violated Due Process by enhancing defendant without fact finding by a jury and sentencing defendant to a higher drug amount than the jury found.

(Doc. 25, p. 6, in Appellate Case No. 10-1602).

Petitioner timely filed the instant § 2255 motion on August 8, 2011. In it, he raises nine grounds for relief, seven of which involve allegations that Petitioner's trial counsel rendered ineffective assistance: 1) Counsel failed to challenge the introduction of evidence that was obtained in violation of Petitioner's Sixth Amendment right to counsel, based on two police interviews of Petitioner without counsel being present (Doc. 1, pp. 6, 19-26); 2) Counsel failed to

file a motion in limine to exclude evidence under Rule 404(b) of the Federal Rules of Evidence (Doc. 1, pp. 26-29); 3) Counsel failed to object to jury instructions regarding conspiracy that did not conform to the indictment (Doc. 1, pp. 29-35); 4) Counsel failed to challenge the defective indictment (Doc. 1, pp. 35-38); 5) In his opening statement and closing argument, counsel admitted Petitioner's guilt (Doc. 1, pp. 38-41); 6) Counsel failed to investigate the circumstances of the 2004 and 2007 police interrogations of Petitioner that were introduced at trial, which would have shown violations of Petitioner's right to counsel, failed to request a hearing on the admissibility of that evidence under Rule 404(b), and failed to object at trial in order to preserve errors (such as improper jury instructions) for appellate review (Doc. 1, pp. 42-46); 7) Counsel failed to investigate mitigating factors or prepare for sentencing, failed to raise a *Booker* claim, and failed to challenge the addition of sentencing points for possession of a weapon (Doc. 1, pp. 46-50); 8) Petitioner was denied a fair trial when the prosecutor introduced perjured testimony (Doc. 1, pp. 50-58); 9) Petitioner was denied a fair trial due to the Judge's bias against Petitioner, and failure to properly instruct the jury on evidence introduced under Rule 404(b) (Doc. 1, pp. 58-61).

Petitioner states that he attempted to raise his claims of ineffectiveness of trial counsel and prosecutorial misconduct during his direct appeal (Doc. 1, pp. 7, 9, 13). However, he asserts he was not permitted to file a pro se motion while he was represented by appellate counsel, and his appellate attorney declined to raise these issues as plain error. Petitioner also claims the appellate court instructed him that these issues would be more appropriately raised in a § 2255 motion.

Without commenting on the merits of Petitioner's arguments, the Court concludes that

the petition survives preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**Pending Motions**

Petitioner has filed two virtually identical motions (Docs. 3 and 6), seeking copies of all discovery material in his case, and grand jury transcripts. These motions are **DENIED** without prejudice to Petitioner renewing them, if necessary, at a later stage of the proceedings.

Petitioner's motion for status (Doc. 7) is **DENIED AS MOOT**.

**Disposition**

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order (on or before June 1, 2012). The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED**.

DATED:   May 2, 2012

*s/J. Phil Gilbert*
**United States District Judge**